UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:22-cv-00216

| | |
|---|---|
| SHERRY W. RAMSEY, )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>RAMSEY PRODUCTS CORPORATION, )<br>)<br>      **Defendant.** )<br>) | **COMPLAINT** |

Plaintiff, Sherry W. Ramsey ("Ramsey" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Ramsey Products Corporation ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Gastonia, North Carolina.

4. Defendant is a domestic corporation with its principal place of business located at 135 Performance Drive, Belmont, North Carolina 28012.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6. This Court has personal jurisdiction because Defendant conducts business in Belmont, North Carolina, which is located in Gaston County, which is within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts or omissions alleged occurred in Belmont, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Defendant produces, manufactures, and distributes silent chain drives for application in automotive transmission and industrial conveyor use.

13. Ramsey began her employment with Defendant on or about September 16, 2013 and held the role of Account Payable Clerk. Ramsey voluntarily resigned on April 20, 2022.

14. At all relevant times, Defendant classified Ramsey as a nonexempt employee within the meaning of the FLSA and Ramsey was eligible for overtime compensation for all work performed over 40 hours in a workweek.

15. Defendant employed Ramsey during the FLSA's statutory period preceding the filing of this Complaint.

16. At all relevant times, Defendant paid Ramsey a weekly salary.

17. Defendant failed to pay Ramsey the overtime premium rate for all hours worked in excess of forty (40) hours in a workweek.

18. Defendant did not record the hours Ramsey worked.

19. Defendant paid Ramsey for forty (40) hours per workweek regardless of the amount of hours Ramsey actually worked.

20. At all relevant times, Defendant scheduled Ramsey to work Monday through Friday from 8:00 a.m. to 5:00 p.m. Defendant provided Ramsey with an unpaid one-hour lunch break.

21. Despite her established schedule, Ramsey regularly worked past 5:00 p.m. Depending on the work that needed to be completed, Ramsey typically ended her workday between 5:30 p.m. and 8:00 p.m.

22. During the three-year period preceding the filing of this Complaint, Ramsey worked in excess of forty (40) hours in each workweek, excluding workweeks that included holidays or workweeks were Ramsey used vacation or sick time.

23. Defendant had knowledge that Ramsey worked the unpaid overtime hours at issue in this lawsuit because Ramsey complained multiple times to Grier Killough ("Killough"), Defendant's CFO/Controller, about not receiving overtime premium rate of pay for all hours worked over forty (40) hours in a workweek. Killough told Ramsey that Defendant did not pay salaried employees for overtime. Ramsey also complained to Amy Hargett, Defendant's Controller, and Mark Taylor,

3

Case 3:22-cv-00216-RJC-DSC    Document 1    Filed 05/16/22    Page 3 of 5

Defendant's CEO, about not receiving overtime premium rate of pay for all hours worked over forty (40) hours in a workweek.

24. Defendant's failure to pay Ramsey the overtime premium required by the FLSA was willful.

**Plaintiff's First Cause of Action**
**(Violation of FLSA—Overtime)**

25. Plaintiff incorporates by reference paragraph 1-24 of her Complaint.

26. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

27. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

28. Defendant's violation of the FLSA was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary andappropriate.

Respectfully submitted this 16th day of May 2022.

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*